**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

LAMAR MCVAY,                              )
                                          )
                 Petitioner,              )
                                          )
        v.                                )          No. 1:22-CV-130 NCC
                                          )
BILL STANGE,                              )
                                          )
                 Respondent.              )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Lamar McVay's ("Petitioner") Motion to Compel Production of Respondent's Statement of Exhibits (Doc. 16) and Request for Leave of Court to File an Amended Petition for Writ of Habeas Corpus (Doc. 17).  Respondent filed a response (Doc. 20) and Petitioner filed replies (Docs. 23, 24).  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 8).  For the following reasons, the Court will **GRANT** Petitioner's Request for Leave of Court to File an Amended Petition for Writ of Habeas Corpus (Doc. 17) and **DENY as moot** Petitioner's Motion to Compel Production of Respondent's Statement of Exhibits (Doc. 16).

### A.  Request to Amend

Federal habeas proceedings initiated by state prisoners are governed by the Rules Governing Section 2254 Cases in the United States District Courts.  Habeas petitions may be amended or supplemented as provided in the rules of procedure applicable to civil actions.  28 U.S.C. § 2242; *see also* Rule 12 of the Rules Governing Section 2254 Cases (federal rules of civil procedure, to the extent that they are not inconsistent with any statutory provisions or rules

governing habeas cases, may be applied in habeas proceedings).  The decision whether to allow

the amendment of a pleading is within this Court's discretion, keeping in mind the directive of

Rule 15(a) that a court "should freely give leave [to amend] when justice so requires."  *Moore-El*

*v. Luebbers*, 446 F.3d 890, 891 (8th Cir. 2006).  "The court may disallow amendment [of a

pleading] for various reasons, ... including 'undue delay, bad faith or dilatory motive on the part

of the [petitioner], repeated failures to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

amendment.'"  *Id*. at 901-02 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  While

"[d]elay alone is insufficient justification for a denial of a motion to amend, ... leave may be

denied if [the amendment] would be futile."  *Id*. at 902.

Petitioner moves to amend his petition to include three additional claims:

1.  The trial court abused its discretion in overruling Petitioner's objection to
state's Exhibits 8 and 9, video and still piture [sic] from the Arkansas robbery,
along with testimony from the Arkansas convenience Store clerk and the
Blytheville police officer about the robbery, because this evidence violated
Petition's rights to due process, a fair trial, and to be tried only for the offense
charged, guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United
States Constitution, in that, despite the trial court's attempt to limit the testimony
and evidence to an "incident" rather than calling it a "robbery," the evidence was
clearly of another crime, but one which was not sufficiently unusual or distinctive
to fall under the identity exception to the inadmissibility of evidence of other
misconduct, prejudicing Petitioner, since such "bad acts" evidence would raise a
legally spurious presumption of guilt in the mind of the jurors.

…

5.  Petitioner was denied his right to effective assistance of counsel during trial in
violation of the Sixth and Fourteenth Amendments to the United States
Constitution, in that, counsel induced Petitioner to knowingly, intelligently and
voluntarily waive his right to testify on his own behalf. By telling Petitioner he
should not testify at his trial because of his prior robbery conviction counsel
deprived Petitioner of his constitutional right to testify in his own defense.

6.  Petitioner was denied his right to effective assistance of counsel on direct
appeal in violation of the Sixth and Fourteenth Amendments to the United States

2

Constitution, in that, appellate counsel was ineffective for failing to raise the
claim that the trial court erred in denying Petitioner's motion to suppress his
statements was [sic] made to a detective because law enforcement was aware that
Petitioner was represented by counsel when the detective talk to him, and she talk
to him anyway.

(Doc. 17-1 at 1-3).  Respondent argues that the amendment would be futile because Petitioner's

additional claims are time-barred (Doc. 20 at 2-5).  Petitioner argues the claims are timely (Doc.

23).  The Court agrees with Petitioner.

The Missouri Supreme Court denied Petitioner's Application for Transfer on May 2,

2017, such that his one-year limitation period would have started to run 90 days later, on July 31,

2017.  *See* 22 U.S.C. § 2244(d)(1)(A) (limitation period begins to run from "the date on which

the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such"); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for petitioners who seek review in

a State's highest court but do not pursue a petition for certiorari, the judgment becomes final

when the time for pursuing a petition for certiorari expires); U.S. S. Ct. Rule 13(1) (a petitioner

has 90 days to file a writ of certiorari); *Stafford v. Payne*, No. 4:18-CV-1861 RLW, 2021 WL

4168211, at *4 (E.D. Mo. Sept. 14, 2021) (limitation period started to run 90 days after

petitioner's motion for transfer was denied by the Missouri Supreme Court); *Clark v. Blair*, No.

4:19-CV-907 SRW, 2021 WL 22580, at *3 (E.D. Mo. Jan. 4, 2021) (same).  However, the

limitation period was tolled from the filing of Petitioner's pro se post-conviction motion on June

9, 2017, until the issuance of the mandate in Petitioner's post-conviction appeal on March 2,

2022.  *See* 22 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted"); *Clark*, 2021 WL 22580, at *3 (Missouri petitioner's limitation

period tolled upon filing of pro se post-conviction motion and no longer tolled upon issuance of

3

mandate in post-conviction appeal).  Thus, Petitioner's one-year window for filing his claims started to run on March 2, 2022 and expired on March 2, 2023.  Petitioner's Request for Leave of Court to File an Amended Petition for Writ of Habeas Corpus was received by this Court on February 24, 2023 (Doc. 17).  The Court finds that Petitioner's additional claims are timely.[1]

Respondent does not argue that Petitioner's additional claims are procedurally defaulted. *See* Doc. 20.  Nor does Respondent argue undue delay, bad faith, or dilatory motive on behalf of Petitioner, or undue prejudice to Respondent.  *See id*.  And Respondent addresses the merits of Petitioner's additional claims in its response to the request to amend, such that filing an answer to an amended petition would not be onerous.  *See id.* at 5-15.  The Court finds that Petitioner's request to amend should be granted.

The proposed amended petition attached to Petitioner's request to amend was defective in that it was not drafted on a Court-provided form.  *See* E.D. Mo. Local Rule 2.06(A).  The Court will direct the Clerk of Court to send Petitioner the Court's "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" form.  Petitioner must re-file the amended petition on the Court-provided form within 30 days of the date of this Order.  Petitioner is advised that the amended petition will take the place of the original petition and will be the only pleading that this Court will review.  *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).  Any claims from Petitioner's original petition or proposed amended petition that are not included in the re-filed amended petition will be deemed abandoned and not be considered.  *Id*.  Finally, Petitioner is advised that he has only

---

[1] Respondent identified March 2, 2022 as the relevant date upon which the one-year limitation period started to run, but nonetheless erroneously concluded the additional claims were untimely. *See* Doc. 20 at 3 ("More than a year has passed since the Missouri Court of Appeals issued its March 2, 2022 mandate….").

received leave of court to amend his petition with respect to the additional claims included in his proposed amended petition (Doc. 17-1); any other claims would now be subject to dismissal based on the one-year limitation period.

### B. Motion to Compel

Petitioner states that he was not provided with copies of Exhibits A through Q attached to Respondent's answer to Petitioner's original petition (Doc. 16).  In its response to Petitioner's motion to compel, Respondent states "[w]ith this response, respondent is providing a copy of Exhibit A through Q to Mr. McVay" (Doc. 20 at 1).  Petitioner makes no mention of the exhibits in his replies.  *See* Docs. 23-24.  Therefore, the Court will deny Petitioner's motion to compel as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Request for Leave of Court to File an Amended Petition for Writ of Habeas Corpus (Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Petitioner a blank "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" form.

**IT IS FURTHER ORDERED** that Petitioner shall file the Amended Petition on the Court-provided form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that within **forty-five (45) days** of the filing of the Amended Petition, Respondent shall show cause why the relief requested should not be granted. If Petitioner chooses to file a reply to Respondent's answer to the Amended Petition, the reply must be filed within **sixty (60) days** of the date the answer to the Amended Petition is filed.

**IT IS FINALLY ORDERED** that Petitioner's Motion to Compel Production of Respondent's Statement of Exhibits (Doc. 16) is **DENIED as moot**.

Dated this 7th day of July, 2023.

　　　　　　　　　　　　　<u>   /s/ Noelle C. Collins                        </u>
　　　　　　　　　　　　　NOELLE C. COLLINS
　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE